IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:26-CV-0741-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

On June 16, 2026 *pro se* plaintiff Rhonda Fleming ("Fleming") filed a complaint against the United States based on the alleged past tortious conduct of prison officers at FMC Carswell in Fort Worth, Texas, where she was formerly incarcerated. She only seeks relief under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). When Fleming brought this action, she was incarcerated at FCI Greenville. She has since been transferred to two different Federal Bureau of Prisons ("BOP") facilities and filed several motions, all of which the court denies for the reasons explained below.

I

In her first motion, also filed on June 16, Fleming seeks appointed counsel and to consolidate this case with Civil Action No. 4:25-CV-0157-D, a related case in which she initially raised her FTCA prematurely. Because Fleming has since filed an amended complaint that supersedes and replaces her original complaint, and this case is otherwise

pending preliminary judicial screening under 28 U.S.C. § 1915A, the court denies the motion without prejudice as premature.

II

On August 18, after being transferred to MCC Chicago, Fleming filed an amended complaint. She names additional defendants. She also pleads new claims about an alleged retaliatory incident report lodged against her in September 2024 and various unlawful conditions of her former incarceration at different BOP units over the past decade, including, but not limited to, FCI Greenville. Fleming alleges, among other things, that she was unlawfully denied adequate treatment and accommodations for her physical and mental disabilities at FCI Greenville because of her religious beliefs and known opposition to BOP transgender policies, and she seeks declaratory and prospective injunctive relief under the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 *et seq.*

Three days later, Fleming filed a related motion seeking a temporary restraining order ("TRO") and preliminary injunctive relief based on her RA claim. She added the allegation that she is being unlawfully denied rehabilitative trauma treatment at MCC Chicago. Although unclear, Fleming appears to claim that this treatment is only available at a satellite prison camp for female offenders that is adjacent to, and operated by, FCI Phoenix, where a known biological male inmate resides, precluding her ability to receive treatment there. Fleming asserts that defendants unlawfully discriminated against her by accommodating the biological male inmate instead of her. She seeks to be released to a private inpatient facility

or transferred to a federal halfway house. She has since been transferred to FCI Waseca in Minnesota.

The government has filed a response and two sworn declarations in opposition to the motion, contending, for various reasons, that Fleming has not satisfied any of the four elements necessary to warrant granting temporary or preliminary injunctive relief at this early stage of litigation.

Having considered the early procedural posture of this case, the parties' pleadings, relevant records, and applicable law, the court denies Fleming's motion for several reasons.

First, the motion is premature because it is unclear whether Fleming will be allowed to proceed with this action. As of today, Fleming has not paid the filing and administrative fees for this action or been granted permission to proceed *in forma pauperis*, one of which is required. *See* 28 U.S.C. §§ 1914, 1915.

Second, the court finds that the substantive new claims asserted by Fleming in her amended complaint and on which she bases her motion— i.e., being denied adequate treatment and accommodations for her physical and mental disabilities at FCI Greenville and MCC Chicago—should not be joined to this action and have otherwise been improperly brought here because they are factually and legally distinct from this FTCA action. Fleming's original complaint is based solely on events that occurred at FMC Carswell. But the events or omissions giving rise to the new claims pleaded in her amended complaint occurred outside this judicial district, and none of the defendants resides here. *See* Fed. R. Civ. P. 21; *see also* 28 U.S.C. § 1391(b).

Moreover, the statements that Fleming makes in her motion are not made under penalty of perjury or otherwise supported by any evidence that refutes the factual and legal contentions made and supported by the government in its response. The court concludes, for the reasons stated in the government's response, that Fleming has failed to demonstrate that she is entitled to the temporary or preliminary injunctive relief that she seeks.

And because Fleming has since been transferred to FCI Waseca, her claims for temporary and preliminary injunctive relief, to the extent they are based on the treatment she received at FCI Greenville and MCC Chicago, are moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (citations omitted) (explaining that prisoner claims seeking declaratory and injunctive relief may be rendered moot by unit transfers).

Fleming's motion for the court to set an evidentiary hearing on her TRO motion is denied as moot.

III

Fleming has filed three similar motions asking the court to schedule a settlement conference and stay briefing in this case and Civil Action No. 4:26-CV-1046-D, her other related case that consists of her claims for relief under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, pending the outcome of the settlement conference; consolidate this case with Civil Action No. 4:26-CV-1046-D; and grant her a 60-day extension of time to file a response to defendant Warden T. Rule's ("Warden Rule's") motion to dismiss that is pending in that case.

Because it is unclear whether Fleming will be allowed to proceed with this action, which is not only in the very early stages of litigation but otherwise subject to preliminary judicial screening under 28 U.S.C. § 1915A, the court denies without prejudice as premature Fleming's requests to set a settlement conference, to stay this action, and to consolidate it with Civil Action No. 4:26-CV-1046-D. Fleming's request for an extension of time to file a response to Warden Rule's motion to dismiss is denied without prejudice to her right to seek such relief by filing a motion in the appropriate case, Civil No. 4:26-CV-1046-D.

**SO ORDERED**.

October 5, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE