IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:26-CV-0741-D |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Rhonda Fleming ("Fleming") has filed two motions to proceed *in forma pauperis* ("IFP") in this civil action and a "renewed" motion for injunctive relief. The court denies the motions for the reasons explained below.

I

Pursuant to three-strikes provision codified in 28 U.S.C. § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g)*; see also Clay v. State Classification Dep't of TDCJ*, 2023 WL 2586325, at *1 (5th Cir. Mar. 21, 2023) (per curiam) (citing *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998)). To satisfy the imminent-danger exception, a prisoner must show that she was under imminent danger of serious physical injury "at the time that [she] seeks to file [her] suit

in district court or seeks to proceed with [her] appeal or files a motion to proceed IFP." *See Clay*, 2023 WL 2586325, at *1 (quoting *Banos*, 144 F.3d at 884). Conclusory assertions of imminent harm and allegations of past physical harm are insufficient to avoid the three-strikes bar. *See Cloud v. Stotts*, 455 Fed. Appx. 534, 535 (5th Cir. 2011) (per curiam); *see also Newman v. Harris*, 770 Fed. Appx. 216, 217 (5th Cir. 2019) (per curiam) (citations omitted).

II

For the reasons stated by the government in its opposition response, *see* D. Resp. (ECF No. 26) at 1-5, Fleming is barred from proceeding IFP in this action. In particular, Fleming accrued three strikes prior to filing this lawsuit and has failed to show that she was under imminent danger of serious physical injury when she filed it and her IFP motions.

In her complaint, Fleming brings a tort claim against the United States based on events that occurred during her former incarceration at FMC Carswell. See Compl. (ECF No. 1) at 1-2. She does not allege that she was under imminent danger of serious physical injury when she filed the complaint from FCI Greenville, where she was incarcerated at the time.

Two months later, Fleming filed two IFP motions and an amended complaint from MCC Chicago. In her amended complaint, Fleming names new defendants and pleads new, unrelated claims about the conditions of her former incarceration at several different Federal Bureau of Prisons ("BOP") facilities since 2010, including, but not limited to, FCI Greenville. *See* P. Am. Compl. (ECF No. 10). In her IFP motions, Fleming makes vague, conclusory allegations that she is "being bullied, harassed, intimidated and threatened" by

unnamed prison employees and biological male inmates who oppose her litigation concerning transgender inmates, and is unable to receive mental-health treatment because of her personal beliefs. *See id.* at 13. But she does not provide any factual details to support her allegations. Moreover, Fleming does not plead any specific facts to show that, when she filed her IFP motions from MCC Chicago, she was under imminent danger of serious physical injury there.

Fleming's allegations of past harm sustained at FMC Carswell and FCI Greenville and her conclusory assertions of imminent harm at MCC Chicago are insufficient to avoid the three-strikes bar.

Fleming recently filed a supplement in support of her IFP motions from FCI Waseca, where she is currently incarcerated. *See* IFP Supp. (ECF No. 27). She alleges that she may face a greater threat of physical danger by transgender inmates there, and at any other BOP facility to which she may be transferred in the future, depending on the outcome of related litigation pending before the Supreme Court of the United States. Because these allegations of future harm are speculative and conclusory, they, too, are insufficient to avoid the three-strikes bar.

If Fleming wants to proceed with this action, she must pay the $405.00 filing and administrative fees to the clerk of court within 30 days. If she does not do so in a timely manner, the court will dismiss this action without prejudice for failure to prosecute and comply with its instructions, without further prior notice. *See* Fed. R. Civ. P. 41(b); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citation

omitted) (explaining that a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders).

III

On October 5, 2026 the court filed a memorandum opinion and order denying Fleming's motion for preliminary injunction. That motion sought release from MCC Chicago to a private inpatient facility or transfer to a federal halfway house, based on her claim that she was denied rehabilitative trauma treatment there, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. *See* Mem. Op. (ECF No. 24).

On October 29, 2026 Fleming filed a similar, one-page "renewed" motion seeking the same injunctive relief based on her allegation that she is now being denied the same treatment at FCI Waseca. *See* P. Mot. Inj. Relief (ECF No. 28).

Because the statements Fleming makes in support of her motion are conclusory, are not made under the penalty of perjury, and, for many of the same reasons cited by the court in its October 5, 2026 memorandum opinion and order, otherwise fail to demonstrate that she is entitled to such extraordinary relief, the court denies the motion.

**SO ORDERED**.

November 13, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE